UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X

ROBERT JOHNSON & HENRY PATTEN

            Plaintiffs,

CITY OF NEW YORK, PO Richardson
JOHN AND JANE DOES ## 1-15,
Sgt Michael White, PO Ortega, PO Jesus Diaz
POs Jenica Nathaniel, Lawrence Perrotta
            Defendants.

----------------------------------------------------------X

**AMENDED COMPLAINT**

JURY TRIAL DEMANDED

12-cv-02075-NGG-CLP

## NATURE OF ACTION

1. This action is brought by plaintiffs to recover damages for the excessive use of force, and illegal search and seizure.

## THE PARTIES

2. Plaintiff is a resident of New York, New York.

3. The City of New York is a municipal corporation whose residence is in all five counties of New York City.

4. Defendants John and Jane Doe ## 1-15 the individual defendants are employees of the New York City Police Department, upon information and belief the BXGS Precinct. Some may have since transferred to the 75th Precinct in Brooklyn.

## JURISDICTION AND VENUE

5. Jurisdiction is proper in this district pursuant to 28 U.S.C. § 1331 in that this action arises under the Constitution and laws of the United States, among them 42 U.S.C. § 1983.

6. Venue is properly placed in this district pursuant to 28 U.S.C. § 1391(c) in that the City of New York is deemed to reside in this jurisdiction.

1

## FACTUAL ALLEGATIONS UNDERLYING PLAINTIFF'S CLAIMS
### The Events of April 2, 2012 involving both Plaintiffs

7. Plaintiff Johnson was lawfully hanging his stoop at 2741 Fulton in Street Brooklyn 2, when at least two officers, Sgt Michael White and PO Ortega approached and told Plaintiff to put away his dogs, which he complied with.

8. Without a warrant, the officers entered premises one went upstairs and then more officers came around no warrant. After a search, in which then house was ransacked, at first they let Plaintiff go.

9. However, defendants followed him around the corner wherein Johnson met his friend Henry Patton, and he got into Patten's Truck. Against with no probably cause, plaintiffs were stopped and searched and arrested.

10. Plaintiffs overheard a claim there was a joint inside the truck, but there was not.

11. Plaintiffs were taken to the precinct and then central booking, and then after about 30 hours, they were told they were free to go.

12. There were no charges brought, The DA declined them because there was no probable cause for an arrest.

### The Events of November 10, 2012 involving Johnson

13. Police kicked plaintiff's door down (at the time he was living at 424 Barbey Street in Brooklyn) with no warrant, entered premises & searched it. Nothing was found but nevertheless put him in handcuffs

14. He stood there waiting for 15 minutes, continually asking what he was being arrested for. The officers' response, "Shut the fuck up."

15. On officer eerily stated, I'm gonna send you to Bellevue if don't shut up.

16. One of the officers said he had found marijuana bags. Plaintiff knew this was a lie because living in a minority community he knows he is subject to frequent home invasions, and therefore never kept any drugs in his house.

17. Plaintiff asked to see the evidence; it was never shown to him. They removed a cell phone a $13,000 in cash that plaintiff had in a safe,

18. The arresting officers rode him around for hours inside the van, then eventually took him into the 75th precinct and started beating him up.

19. They were plainly looking for him to give up any information he might have: Did he anybody with guns, and drug dealers. "No, no, no" he replied. They responded by calling him a "dickhead" and a "fat bastard/"

20. One of them who had his cell phone threatened to call his girl: "Yeah she's cute. I'd fuck her."

21. They put inside the cell and starting searching him, strip searching him including an anal cavity search with no probable

22. They started beating him again, Kicking punching and hitting with a baton in his head taunting, "We run these fucking streets! You ain't no fucking nobody."

23. Plaintiff still has a scar from his encounter; his nose cracked and he still has back pain.

24. He was deliberately denied medical attention. The officers either threatened or promised to "make his paperwork disappear."

25. Plaintiff saw the judge, and the judge were immediately dropped charges down to a Criminal possession of a controlled substance in the seventh degree is

26. Plaintiff nevertheless called internal affairs came to house and showed him a photo array.

3

27. He is not aware of what happened to his complaint to IAB, and he cannot now controvert his guilty plea, but he did not deserve excessive use of force his under arrest, nor denial of medial attention, nor the strip search. He now sues for redress.

### FIRST CAUSE OF ACTION
### EXCESSIVE USE OF FORCE
### 42 U.S.C. § 1983
### (Johnson)

28. Plaintiffs repeat and reallege the previous allegations as if fully set forth herein.

29. Acting under color of state law, defendants used excessive force in conducting an illegal search that caused emotional injury and damage to property.

30. As a result of the foregoing, Plaintiffs has been damaged and demands compensatory and punitive relief.

### SECOND CAUSE OF ACTION
### FAILURE TO PROTECT PLAINTIFFS' RIGHTS
### 42 U.S.C. § 1983
### (Both Plainiffs)

31. Plaintiffs repeat and reallege the previous allegations as if fully set forth herein.

32. Defendants had a duty to intercede and prevent the illegal stop, search and arrest of plaintiffs, but failed to do so.

33. As a result of the foregoing, Plaintiffs have been damaged and demand compensatory and punitive relief.

### THIRD CAUSE OF ACTION
### ILLEGAL SEARCH UNDER 42 U.S.C. § 1983
### (Both Plaintiffs for Both Incidents)

34. Plaintiffs repeat and reallege the previous allegations as if fully set forth herein.

35. Defendants acting under color of state law, illegally searched plaintiffs' apartment where they had a reasonable expectation of privacy without a warrant and without probable cause.

36.     As a result of the foregoing, Plaintiffs have been damaged and demands compensatory and punitive relief.

## FOURTH CAUSE OF ACTION
## FAILURE TO INSTRUCT, SUPERVISE, AND CONTROL DIRECTED COGNIZABLE UNDER MONNELL AND 42 U.S.C. § 1983
## BY ALL Plaintiff AND AGAINST THE CITY OF NEW YORK

37.     Plaintiffs repeat and reallege the allegations set forth in all preceding paragraphs as if fully set forth herein.

38.     At all times relevant to this complaint, defendants as officers of the City of New York Police Department, was acting under the direction and control of the City of New York, which acted through its agents and employees who were responsible for making policy of the police department, its officers and operations, and the individually named defendants were acting pursuant to either official policy or the practice, custom and usage of the City of New York and its Police Department.

39.     Acting under color of law, by and through the policy makers of the City of New York and pursuant to official policy or custom and practice, the City of New York intentionally, knowingly, recklessly, or with deliberate indifference to the rights of the inhabitants of the City of New York, failed to instruct, supervise, control, and/or discipline, on a continuing basis, Defendants in the performance of their duties to refrain from

    a.     excessive use of force and destruction of property in conducting searches;

    b.     conducting searches without a warrant;

    c.     arresting citizens without probable cause;

    d.     performing strip searches for misdemeanor arrests

40.     The City of New York had knowledge of or, had it diligently exercised its duties to instruct, supervise, control, and discipline on a continuing basis, should have had knowledge that the wrongs that were done, as heretofore alleged, or other unlawful or unconstitutional acts, were going to be committed. Defendant City of New York had power to prevent the commission

of said wrongs, could have done so, and intentionally, knowingly, or with deliberate indifference to the rights of the inhabitants of the City of New York failed or refused to do so.

41. As a result of the foregoing, plaintiff was deprived of his right to be secure in his person, against unreasonable seizure of his person and against the use of excessive force in violation of the Eighth, Fourth and Fourteenth Amendments of the Constitution and 42 U.S.C. § 1983, and has been damaged.

### FOURTH CAUSE OF ACTION
### ILLEGAL STRIP SEARCH UNDER SECTIONS 11 & 12
### OF NEW YORK STATE CONSTITUTION
### (JOHNSON FOR NOVEMBER 2010 INCIDENT)

42. Plaintiffs repeat and reallege the previous allegations as if fully set forth herein.

43. Defendants acting under color of state law, illegally searched plaintiffs' body and body cavities without probable cause for so doing.

44. As a result of the foregoing, Plaintiffs have been damaged and demands compensatory and punitive relief.

### FIFTH CAUSE OF ACTION
### DENIAL OF MEDICAL ATTENTIONM UNDER 42 U.S.C. § 1983
### (JOHNSON FOR 2010 INCIDENT)

45. Plaintiffs repeat and reallege the previous allegations as if fully set forth herein.

46. Defendants caused such injury upon plaintiff that it was necessary to seek immediate medical attention before his injuries became permanent. Defendants refused plaintiff's request, and it resulted in permanent damage.

47. As a result of the foregoing, Plaintiffs have been damaged and demands compensatory and punitive relief.

## SIXTH CAUSE OF ACTION
## DEPRIVATION OF PROPERTY WITHOUT DUE PROCESS OF LAW
## UNDER 42 U.S.C. § 1983
## (JOHNSON FOR 2010 INCIDENT)

48. Plaintiffs repeat and reallege the previous allegations as if fully set forth herein.

49. Defendants stole $13,000 from plaintiff. Plaintiff pled to merely a misdemeanor possession of marijuana charge and there was no basis to forfeit that money. More importantly, no procedural steps were taken to require a forfeiture.

50. As a result of the foregoing, Plaintiffs have been damaged and demands compensatory and punitive relief.

## SEVENTH CAUSE OF ACTION
## FALSE ARREST & IMPRISONMENT
## (BOTH PLAINTIFFS FOR APRIL 2012 INCIDENT)

51. Plaintiffs repeat and reallege the allegations set forth in all preceding paragraphs.

52. Plaintiffs were held and imprisoned against their will; they were aware of the confinement and it was not otherwise privileged because there was no probable cause that she had committed a crime.

53. By virtue of the foregoing, Plaintiff has been damaged.

**WHEREFORE,** Plaintiffs demand as follows:

A. Compensatory damages;

B. Punitive damages to be determined by the trier of fact;

C. Cost of suit and attorneys fees pursuant to 42 U.S.C. § 1988;

7

      D.    Such other relief as may be just and proper.

Dated: New York, New York
December 5, 2013

Gregory Antollino
Attorney for Plaintiffs
275 Seventh Avenue # 705
New York, NY 10001